**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DONNA MISTLER,** | ) | |
| | ) | **Case No.** |
| **Plaintiff,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **VICTORIAN GARDENS OF EUREKA,** | ) | |
| **INC., and** | ) | |
| | ) | |
| **JOHN PAUL QUICK,** | ) | |
| | | |
| **Defendants.** | | |

**COMPLAINT**

Plaintiff, Donna Mistler, by and through undersigned counsel, states as follows as and for her Complaint against Defendants Victorian Gardens of Eureka, Inc and Johnpaul Quick:

**Parties**

1.     Plaintiff Donna Mistler ("Mistler") is a female and was terminated by Defendant Victorian Gardens, of Eureka, Inc. for engaging in protected activity as stated herein. Mistler is a resident of St. Louis County, MO.

2.     Defendant Victorian Gardens of Eureka, Inc. ("Victorian Gardens") is a Missouri limited liability company operating an independent living facility in St. Louis County, Missouri and was, at all times relevant hereto, Mistler's employer, as that term is defined by 42 U.S.C. §2000e(b).

3.     Defendant Johnpaul Quick ("Quick") is the President of Victorian Gardens and upon information and belief, controls its business dealings together with his wife, Nancy Quick.

1

4. Defendant Quick is an individual who resides in Owensville, Missouri, which is located in this federal judicial district.

5. Jurisdiction and venue are proper in this Court.

## Procedural Background

6. On or about February 1, 2024, Mistler timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") attached hereto as **Exhibit 1** and incorporated herein by reference.

7. Mistler was subjected to a series of incidents of sex discrimination, sexual harassment, and retaliation by Defendant Victorian Gardens, based on her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, and of assault and defamation against her by Quick. The acts of discrimination, harassment and retaliation were the subject matter of the Charge of Discrimination filed by Mistler.

8. Mistler received a "Notice of Right to Sue" letter from the EEOC, issued on August 19, 2024, for the above charge of discrimination and retaliation, a copy of which is attached hereto as **Exhibit 2** and incorporated herein by reference.

9. Mistler has exhausted all necessary administrative requirements and remedies prior to filing this suit.

## Facts Common to all Counts

10. Mistler worked for Victorian Gardens for approximately eighteen years, starting in 2005.

11. Mistler is a registered nurse by training but did not work in a nursing capacity while working for Victorian Gardens.

2

12.    Mistler's title at Victorian Gardens was "Director of Community Relations."

13.    Defendant Quick and his wife, Nancy Quick, own Victorian Gardens.

14.    While Mistler worked for Victorian Gardens as a subordinate of Defendant Quick, she and Quick engaged in a romantic and sexual relationship for many years.

15.    They engaged in sexual relations at apartments located at Victorian Gardens, while traveling on Victorian Gardens business, as well as other locations.

16.    On or about April 21, 2023, Mistler informed Quick that she no longer wished to engage in a romantic or sexual relationship with him.

17.    Quick refused to accept that Mistler no longer wished to continue their romantic and sexual relationship.

18.    Quick unfoundedly suspected that, at the time Mistler informed him that she wanted to cease their romantic and sexual relationship, she had initiated a sexual relationship with a male employee of Victorian Gardens ("the Male Employee") and became jealous.

19.    After she informed him she was terminating their romantic and sexual relationship, Quick began stalking Mistler.

20.    On or about April 26, 2023, Quick attacked Mistler's vehicle while the Male Employee was driving the vehicle.

21.    On or about April 28, 2023, Quick terminated the Male Employee, claiming that he was downsizing the workforce at Victorian Gardens. However, the Male Employee was the only person let go by Victorian Gardens at that time.

22.    Mistler was fired from her employment with Victorian Gardens via email on or about May 14, 2023, for allegedly violating Victorian Gardens policy by having sexual relations

3

with a subordinate employee (the Male Employee) on the grounds of Victorian Gardens, including in an apartment which she allegedly did not have permission to be in.

23.     The alleged grounds for termination were not true.

24.     First, Quick had provided an apartment for Mistler to use when she would stay overnight at Victorian Gardens, which she had furnished with some of her own possessions. Mistler would stay overnight in the apartment 3-4 times per month, including times that Quick and Mistler had sexual relations.

25.     Second, Mistler did not supervise the Male Employee at any time while she and he were employed by Victorian Gardens. To the contrary, Defendant Quick refused to give Mistler supervisory authority over any other employees of Victorian Gardens.  Instead, Quick supervised all employees of Victorian Gardens.

26.      Third, Mistler did not have sexual relations with the Male Employee at any time while either of them was employed by Victorian Gardens.

27.     Mistler only engaged in sexual relations at Victorian Gardens with Quick.

28.     Mistler was fired by Victorian Gardens because Quick was upset that she terminated their romantic and sexual relationship and also because he was highly envious in that he believed she had entered into a romantic and sexual relationship with the Male Employee.

29.     On or about May 1, 2023, Quick required Mistler to ride to work with him from her home in Owensville, Missouri, where they both lived.  He then required her to ride home with him that evening.  However, rather than taking her straight home, Quick took her to Bay, Missouri, where he attempted to force her to have sex with him.  Mistler was terrified that he would rape or otherwise harm her.

30.     After firing Mistler from her position at Victorian Gardens, Quick attempted to rekindle their relationship, which caused Mistler to obtain an ex parte order of protection.

31.     Both before and after the ex parte orders were issued, Quick stalked Mistler, including sending her text messages, following her, placing a tracker on her car, drove by and waiting outside her house, and driving past and waiting outside the Male Employee's house while she was there, and having her followed by a private investigator hired by him.

32.     In or about October 2023, several days after Mistler again told Quick that she would not renew their relationship, Quick filed a complaint against Mistler with the Missouri State Board of Nursing, although he has admitted that she did not work as a nurse at Victorian Gardens.  This report was clearly filed by Quick as retaliation for Mistler's refusal to further engage in sexual relations with him.

33.     Following Mistler's firing and in retaliation for Mistler refusing to renew their relationship, Quick falsely informed potential employers that Mistler had engaged in improper conduct while working at Victorian Gardens.

34.     Statements made by Quick to potential employers include his alleging Mistler drank on the job, used drugs, and stole drugs from residents at Victorian Gardens.

35.     These false allegations made it difficult for Mistler to find new employment and were damaging to her professional reputation and her standing in her community.

36.     Quick's actions as alleged herein, including but not limited to termination of Mistler's employment at Victorian Gardens, were taken by him in retaliation for Mistler ending her romantic and sexual relationship with him.

5

## COUNT I – SEX DISCRIMINATION AND HARASSMENT IN VIOLATION OF 42 U.S.C. § 2000e-2(a)(1) AGAINST DEFENDANT VICTORIAN GARDENS

For Count I of her Complaint, against Defendant Victorian Gardens, Plaintiff states as follows:

37.     Plaintiff incorporates the allegations contained in paragraphs 1 through 35 of her Complaint as if fully restated herein.

38.     It is a violation of Section 2000e of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-2e(a)(1), for an employer:

> To… discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

39.     Mistler is a female.

40.     Mistler performed her job duties at Victorian Gardens for a period in excess of eighteen years, during which time she was never subject to reprimand or other discipline by Victorian Gardens, until the date she was fired.

41.     Quick's demands that Mistler resume their relationship after she had informed him she no longer wished to engage therein and his stalking of her both on and off the premises of Victorian Gardens, constituted sex discrimination and harassment and affected a term, condition, or privilege of Mistler's employment at Victorian Gardens.

42.     Mistler was berated, intimidated, threatened, harassed, and ultimately fired because of her denial of Quick's numerous and unwanted offensive requests to resume their past sexual relationship and because he wrongly suspected that she was engaging in a sexual relationship with the Male Employee.

6

43.     Mistler was fired in retaliation for refusing to resume her romantic and sexual relationship with Quick and because he wrongly suspected that she was engaging in a romantic and sexual relationship with the Male Employee.

44.     Mistler's sex, female, was a motivating factor in Quick's decision to fire Mistler from Victorian Gardens.

45.     Victorian Gardens is strictly liable for Quick's actions set forth herein as, at all times relevant to this Complaint, Quick was president of Victorian Garden.

46.     As a result of Defendants' unlawful actions, Mistler has suffered pecuniary and non-pecuniary losses that include, but are not necessarily limited to, lost wages, mental suffering, emotional distress, anxiety, shame, humiliation, and inconvenience.

47.     Defendant Victorian Gardens, through its president Quick, acted with evil motive or in reckless indifference to Mistler's statutorily protected rights in undertaking these unlawful actions so that Plaintiff is entitled to an award of punitive damages.

WHEREFORE, plaintiff Donna Mistler prays this Court enter judgment in her favor and against Defendants Victorian Gardens, Inc. for actual damages, in an amount to be determined at trial, for an award of punitive damages in an amount that will deter Defendants and others from engaging in similar egregious conduct in the future, for her costs incurred herein, an award of attorneys' fees, and for such other and further relief as the Court deems just and proper.

## COUNT II – RETALIATION IN VIOLATION OF
## 42 U.S.C. §2003D-3 AGAINST VICTORIAN GARDENS

Plaintiff, for Count II of her Complaint against Defendant Victorian Gardens, states as follows:

47.     Plaintiff incorporates the allegations contained in paragraphs 1 through 46 of this Complaint as if fully restated herein.

7

48.    By and through the statements, actions, and omissions of Quick, Defendant Victorian Gardens unlawfully retaliated against Mistler because she ended the romantic and sexual relationship between Defendant and herself and refused his entreaties for her to resume their relationship thereafter.

49.    Defendant Quick continued to sexually harass Mistler after her rejection of his entreaties to resume their relationship.

50.    Mistler opposed the sexual harassment of Quick when she refused his repeated entreaties to resume their relationship, and her refusal to resume the relationship constitutes activity protected under Title VII.

51.    Defendant Victorian Gardens fired Mistler in retaliation for her protected activity in refusing Quick's advances.

52.    Mistler's rejections of Quick's entreaties that she resume their relationship was the motivating factor for her being fired by Victorian Gardens.

53.    Defendant Quick also filed a complaint with the Missouri Board of Nursing in retaliation for Mistler's rejection of his advances.

54.    Defendants' conduct described herein directly caused or directly contributed to cause Mistler economic damage, including but not limited to lost wages.

55.    Defendants' conduct has also caused Mistler to experience emotional distress, degradation, humiliation, fear, stress, pain, anguish, frustration, and severe anxiety.

56.    In undertaking the aforesaid unlawful actions, Defendant Victorian Gardens, through Defendant Quick, acted outrageously with evil motive and/or reckless indifference to the statutorily protected rights of Mistler and Mistler is, therefore, also entitled to an award of punitive damages.

WHEREFORE, Plaintiff Donna Mistler prays this Court enter judgment in her favor and against Defendants Victorian Gardens, Inc. for actual damages, in an amount to be determined at trial, for an award of punitive damages against Defendants in an amount that will deter Defendants and others from engaging in similar egregious conduct in the future, for her costs incurred herein, an award of attorneys' fees, and for such other and further relief as the Court deems just and proper.

### COUNT III – DEFAMATION (DEFENDANT QUICK)

Plaintiff, for Count III of her Complaint against Defendant Quick states as follows:

57.    Plaintiff incorporates the allegations contained in paragraphs 1 through 56 of this Complaint as if fully restated herein.

58.    Defendant Quick reported orally to numerous potential employers to whom Plaintiff had applied, Plaintiff Mistler's family, and others, that Mistler had been drunk at work, used illicit drugs, stole drugs from residents of Victorian Gardens and engaged in immoral acts on the premises of Victorian Gardens.

59.    Each of these statements were untrue.

60.    Mistler's reputation was damaged as a result of these statements.

61.    Defendant Quick was aware these statements were untrue or made them in reckless disregard as to whether they were true or false.

62.    Such statements tended to expose plaintiff to hatred, contempt and ridicule or deprived her of the benefit of public confidence and social associations.

63.     Such statements resulted in Plaintiff being unable to obtain substitute employment for at least 6 months after she was fired by Victorian Gardens.

64.     Plaintiff suffered economic damages as a result of these statements made by Defendant Quick, including but not limited to her suffering lost wages.

65.     Defendants' conduct has also caused Mistler to experience emotional distress, degradation, humiliation, fear, stress, pain, anguish, frustration, and severe anxiety.

66.     Defendant Quick's statements were outrageous in that they were made with evil motive and/or in reckless disregard for the rights of Plaintiff.

WHEREFORE, Plaintiff Donna Mistler prays this Court enter judgment in her favor and against Defendant Johnpaul Quick for actual damages, in an amount to be determined at trial, for an award of punitive damages against Quick in an amount that will deter Defendants and others from engaging in similar egregious conduct in the future, for her costs incurred herein and for such other and further relief as the Court deems just and proper.

## COUNT IV – ASSAULT (DEFENDANT QUICK)

Plaintiff, for Count IV of her Complaint against Defendant Quick, states as follows:

67.     Plaintiff incorporates the allegations contained in paragraphs 1 through 66 of this Complaint as if fully restated herein.

68.     Defendant Quick repeatedly and forcefully insisted that Plaintiff engage in sexual relations with him after she had told him she no longer wished to do so.

69.     On April 26, 2023, while the Male Employee was driving Plaintiff's car on the parking lot of Victorian Gardens, Defendant Quick repeatedly hit the car with his fists, jumped on the car, and shouted threats against Plaintiff.

70.     Defendant Quick's statements and related actions caused Plaintiff to be in apprehension that Quick would initiate offensive contact with her.

71.     Plaintiff suffered emotional distress, degradation, humiliation, fear, stress, pain, anguish, frustration, and severe anxiety as a result of Plaintiff's assaults upon her.

72.     Defendant Quick's actions were outrageous in that they were made with evil motive and/or in reckless disregard for the rights of Plaintiff to bodily autonomy.

WHEREFORE, Plaintiff Donna Mistler prays this Court enter judgment in her favor and against Defendant Johnpaul Quick for actual damages, in an amount to be determined at trial, for an award of punitive damages against Quick in an amount that will deter Defendants and others from engaging in similar egregious conduct in the future, for her costs incurred herein and for such other and further relief as the Court deems just and proper.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (DEFENDANT QUICK)

Plaintiff, for Count V of her Complaint against Defendant Quick, states as follows:

73.     Plaintiff incorporates the allegations contained in paragraphs 1 through 72 of this Complaint as if fully restated herein.

74.     In addition to the actions and statements referred to above, Defendant Quick repeatedly threatened to ruin Plaintiff and make it so that she would be shunned both by her own family and in their home town of Owensville, Missouri.

11

75.    Defendant Quick further threatened to make it so no one would employ Plaintiff, and as sated above, took actions to try to convince potential employers not to hire her.

76.    Defendant Quick's actions were intended to, and did, cause Plaintiff to suffer both bodily injury and intense emotional distress.

77.    Defendant Quick's actions were outrageous in that they were made with evil motive and/or in reckless disregard for the rights of Plaintiff to bodily autonomy.

WHEREFORE, Plaintiff Donna Mistler prays this Court enter judgment in her favor and against Defendant Johnpaul Quick for actual damages, in an amount to be determined at trial, for an award of punitive damages against Quick in an amount that will deter Defendants and others from engaging in similar egregious conduct in the future, for her costs incurred herein and for such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff Donna Mistler respectfully demands a jury trial for all claims stated herein.

DANNA MCKITICK, P.C.

BY:    /s/ David R. Bohm
David R. Bohm, #35166
Jaylen R. Henderson #74055
7701 Forsyth Blvd., Suite 1200
St. Louis, MO  63105-3907
(314) 726-1000/(314) 725-6592 fax
E-Mail:  dbohm@dmfirm.com
**ATTORNEYS FOR PLAINTIFFS**

4883-6460-2348, v. 1

12